BARKETT, Circuit Judge,
concurring in part and dissenting in part:
I concur in the court’s resolution of Shaq and Doe’s appeal. I respectfully dissent, however, from the majority’s conclusion that the order from which an interlocutory appeal is sought by Citizens Concerned About Our Children (“CCC”) is one which cannot be appealed under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). I believe our precedent requires the opposite result. Interlocutory appeals are permitted under the collateral order doctrine if the order appealed from: (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (reiterating the three-prong test of Cohen).
The majority finds that the district court’s order fails the third prong of the Cohen test, on the basis of Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326 (11th Cir.1999). I believe Pryor is not applicable and that this case is controlled by Transamerica Commercial Finance Corp. v. Banton, 970 F.2d 810 (11th Cir.1992).
In Pryor, the Court found that a defendant may not immediately appeal a denial of a motion to dismiss for lack of standing. See Pryor, 180 F.3d at 1334. The majority suggests that a denial of a motion to dismiss for want of standing is no different from a judgment granting a motion to dismiss for want of standing. See Maj. Op. at 1290. I find these actions to be significantly different in their consequences. When a district court denies a motion to dismiss, all parties remain in the lawsuit and participate therein. When a district court grants the motion, the dismissed party can no longer participate and loses any opportunity to clarify or to affect in any way the ongoing case.
Moreover, this court’s precedent has explicitly recognized that excluding a party from the remainder of an ongoing case satisfies the third prong of Cohen. In Transamerica Commercial Finance Corp., 970 F.2d at 814, this Court held that an order dismissing two of the eleven defendants in the case by granting motions for summary and default judgments as a form of sanction was immediately appealable under the collateral order doctrine. The court concluded that such an order, albeit not a final judgment under section 1291, was appealable as an interlocutory order because otherwise it would be effectively unreviewable.[1] As the court noted, “hav *1297 ing been severed from the underlying case” the two defendants could lose their opportunity to appeal for “the remaining defendants may settle or may decide not to appeal.” Id. at 815.
In the case at hand, CCC may be subjected to irreparable harm in the absence of an immediate appeal. The district court, in the same order dismissing CCC for lack of standing also denied Shaq and Doe the right to proceed with their claims for injunctive -relief. Furthermore, the district court’s September 5, 1997 order found that Shaq and Doe did not have standing to challenge the alleged system-wide racial disparities and inequities in the Broward County School system. The district court limited Shaq and Doe’s claims to those practices directed towards them only at the schools which they attended. These rulings relating to Shaq and Doe were incorporated in the subsequent final judgment but CCC was not included therein. Therefore, if the issue of CCC’s standing is not reviewed in this appeal, the parties will have no avenue through which to challenge the alleged system-wide unconstitutional practices' as CCC tried to do in its complaint.
For the foregoing reasons, I would find that this Court has appellate jurisdiction over CCC’s interlocutory appeal and should resolve the issues pertaining thereto.

. This does not mean that parties dismissed from an action may always have an interlocutory appeal from a nonfinal order. The order must still fulfill the first two prongs of Cohen, that is it must conclusively determine the disputed question and resolve an important issue complelely separate from the merits of the action. In Transamerica, the Court concluded that the district court's order undoubtedly fulfilled the first two Cohen prongs. Similarly, the question whether a party has standing easily fulfills the first two prongs of Cohen *1297 because a standing determination is both separate from the merits of a claim and conclusively resolves an important disputed question. See Pryor, 180 F.3d at 1334.